UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BARLETTA HEAVY DIVSION, INC.,
    Plaintiff,

v.

INTERNATIONAL UNION OF
PERATING ENGINEERS LOCAL 57,
RHODE ISLAND; and STEPHEN A.
CARDI,
    Defendants.

C.A. No. 25-181-JJM-AEM

# ORDER

Defendants removed this four-count civil case to federal court claiming federal-question jurisdiction. Plaintiff has now moved to remand claiming that it only plead state-law claims. ECF No. 5. Defendants respond by claiming federal jurisdiction because the case is "dependent on the interpretation and analysis of a collective bargaining agreement" ("CBA") and the claims are "preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185." ECF No. 9.

Defendants posit that the interpretation of the CBA's arbitration clause will be a central issue here—and therefore the entire case must be arbitrated under the CBA because of preemption by § 301 of the LMRA. Section 301 preempts state-law claims that are "founded directly on rights created by collective-bargaining agreements" or "substantially dependent on analysis of a [CBA]." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987) (quoting *Electrical Workers v. Hechler*, 481 U.S. 851, 859 (1987); *see also Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985).

How this claim will be adjudicated—in court versus in arbitration—"arguably hinges" on an interpretation of the CBA's arbitration clause. *Rueli v. Baystate Health, Inc.*, 835 F.3d 53, 58 (1st Cir. 2016) (quoting *Flibotte v. Penn. Truck Lines, Inc.*, 131 F.3d 21, 26 (1st Cir. 1997)).

Defendants also claim that the suit will require an interpretation of the "no strike or lockout" clause that prohibits "interference with the work of the individual Employees by the Union." ECF No. 9 at 5. And that Plaintiff's allegation in the Complaint about unjustified and unwarranted labor grievances, directly requires an interpretation of the CBA. *Id.* at 6.

Plaintiff responds by asserting that nothing in the Complaint mentions or references the CBA in anyway. ECF No. 5-1 at 4. Although the Complaint may not mention the CBA, it is clear to the Court that a major focus of his lawsuit is the relationship between Barletta and its union employees–such relationship is governed and controlled by the CBA. Section 301 preempts state-law claims that are "substantially dependent on analysis of a [CBA]." *Caterpillar*, 482 U.S. at 394.[1] Accordingly, the Court DENIES Plaintiff's Motion to Remand. ECF No. 5.

---

[1] Defendants also claim that Plaintiff's state-law claims give rise to an action under Section 303 of the LMRA, 29 U.S.C. § 187, because "Plaintiff alleges that Local 57 interfered with Plaintiff's ability to secure public works projects from the State of Rhode Island." ECF No. 9 at 1. But the Court need not address this secondary reason for jurisdiction because of its finding on the first reason establishing federal jurisdiction. *See Cavallaro v. UMass Mem'l Healthcare, Inc.*, 678 F.3d 1, 5 (1st Cir. 2012); *Rueli* 835 F.3d at 59 (quoting *BIW Deceived v. Loc. S6, Indus. Union of Marine & Shipbuilding Workers of Am.*, 132 F.3d 824, 833 (1st Cir. 1997) ("Where plaintiffs bring multiple state-law claims based on the 'same nucleus of operative facts,' the court need only determine whether one of them is completely preempted and, therefore, removable.").

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

August 4, 2025